United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PECHUA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-364 |
| | § | |
| AMERICA'S WHOLESALE LENDER, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Pechua Inc.'s ("Pechua") Motion to Remand.  Dkt. 12.  Pechua argues that the Defendants did not provide sufficient evidence of the parties' complete diversity of citizenship in their Notice of Removal.  Dkt. 1.  Pointing to recent United States Supreme Court precedent, Pechua argues that in these circumstances, the citizenship of the trust—and not the trustee—controls for the purpose of determining diversity.  Based upon the motion and the parties' subsequent filings, and for the reasons that follow, the Court will **GRANT** Pechua's motion to remand.

### I.  Background

Pechua is a Nevada corporation with a lien on subject property located in Brazoria County, Texas.  The Deed of Trust specifies that federal law and Texas state law govern.  Pechua filed Plaintiff's Original Petition and Application for Ex Parte Temporary Restraining Order and Temporary Injunction in the 239th Judicial District Court of Brazoria County, Texas.  Dkt. 1-2. Pechua named the following entities as defendants: 1) America's Wholesale Lender ("AWL"); 2) Structured Asset Securities Corporation

Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-BC5 ("Trust"); 3) Specialized Loan Servicing, LLC ("SLS"); 4) Bank of America, N.A. ("BANA"); and 5) Mortgage Registration Systems, Inc. ("MERS").   Pechua sought declaratory relief regarding the statute of limitations and the Defendants' lack of standing to foreclose. Pechua also sought quiet title and brought claims in trespass, negligence per se, gross negligence, and for violations of the Texas Civil Practice and Remedies Code.

The Removal Defendants'[1] timely filed Notice of Removal states that U.S. Bank, N.A., ("U.S. Bank") as Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC5 was incorrectly sued as the trust itself.  It further alleges that U.S. Bank is the correct party to be sued.[2]  The Notice of Removal argued that this Court has subject matter jurisdiction due to complete diversity of citizenship between the parties.  The Notice based this conclusion on the citizenship of U.S. Bank and the other named defendants—not on the citizenship of the members of the trust.  It is undisputed that a sufficient amount in controversy exists to confer federal subject matter jurisdiction.  The diversity of citizenship among the non-trust entities is likewise undisputed.  Determining the appropriate citizenship of the trust is therefore the sole issue before the Court.

---

[1] Defendants AWL and BANA are represented by separate counsel and did not join the Defendants' Notice of Removal.  However, they filed a response to the Motion to Remand.  Dkt. 34.

[2] The Notice of Removal provides Minnesota as the state of citizenship for U.S. Bank.  The Notice argues that the Trust is an improperly joined party, and therefore does not provide information regarding its citizenship.

## II.  Analysis

### A.      Standard of Review

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction."  28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir.2007).  Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  However, such diversity jurisdiction requires *complete* diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, XX (1996).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).  The removing party therefore bears the burden of showing by a preponderance of the evidence that removal is proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

### B.      Applicable Law

Artificial entities are not 'citizens' under the law; they instead retain the citizenship of their individual members.  However, courts have carved out exceptions for corporations and national banks, which are treated as citizens for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  A corporation is a citizen of both the state where it is incorporated and of the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  A national bank "is a citizen of the State in which its

main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

The motion before the Court requires it to determine the citizenship of a trust for which the trustee is a national bank. Under Texas law, the term "trust" refers to "the fiduciary relationship governing the trustee with respect to the trust property." *Huie v. Deshazo*, 922 S.W.2d 920, 926 (Tex. 1996). Texas requires plaintiffs to make the trustee a party to the action in order to obtain relief against the trust. *Ray Maloolv Trust v. Juhl*, l86 S.W .3d 568, 570 (Tex. 2006). Texas law acknowledges several entities that are termed "trusts" but that are not subject to the law surrounding traditional trusts. *See, e.g.*, Tex. Prop. Code Ann. § 111.003(3). These "business trusts" are instead viewed as unincorporated associations. *May v. New Century Mortgage Corp.,* CIVIL ACTION NO. 4:16-cv-1272 (S.D. Tex. Sept. 16, 2016).

Courts have long grappled with determining the citizenship of trusts. The United States Supreme Court recently acknowledged that this confusion "is understandable and widely shared." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). In *Navarro Savings Association v. Lee*, the Supreme Court reaffirmed the common law principle that trustees who are real parties to the controversy may "sue in their own right, without regard to the citizenship of the trust beneficiaries." 446 U.S. 458, 465-66 (1980). A trustee is a real party to the controversy when its control over the trust's assets is "real and substantial." *Id*. At 465. *Navarro* provides several factors for determining whether a trustee is a real party: whether the trustee has legal title; whether the trustee manages the assets; whether the trustee controls the litigation. *Id*.

Nearly four decades later, the Court revisited citizenship determinations regarding trusts. In *Americold Realty Trust v. Conagra Foods, Inc.*, the Court found that a real estate investment trust created by Maryland statute took the citizenship of its members. 136 S. Ct. 1012, 1014 (2016). In so finding, the Court reaffirmed the principle that—aside from the "limited exception" carved out for corporations—entities took the citizenship of their members. *Id*. At 1015-16. The Court also rejected the Plaintiff's argument that *Navarro* stands for the proposition that "anything called a 'trust' possesses the citizenship of the trustees alone, not its shareholder beneficiaries as well." *Id*. at 1016. The Court distinguished between 'traditional trusts'—less a legal entity than a fiduciary relationship—and so-called 'business trusts'—that is, entities that are called 'trusts' but "have little in common with this traditional template." *Id*. According to the Court, neither the "oft-repeated rule" (that an unincorporated entity possesses the citizenship of its members) "nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust." *Id*. Increasingly, courts within the United States Fifth Circuit have read *Americold* as a mandate to analyze whether a corporate or national bank trustee is a real and substantial party before basing diversity jurisdiction upon the trustee's citizenship.[3]

---

[3] *See, e.g.*, *Pitts v. Bank of New York Mellon et al*, CIVIL ACTION NO. 4:16-CV-01410 (S.D. Tex. Feb. 21, 2017); *Guillen v. Countrywide Home Loans, Inc.*, Civil Action H-15-849, 2016 WL 7103908 (S.D. Tex. Dec. 6, 2016); *May v. new Century Mortgage Corp.*, CIVIL ACTION NO. H-16-1272 (Sept. 19, 2016); *Swoboda v. Ocwen Loan Servicing*, LLC, CIVIL ACTION NO. H-13-2986 (S.D. Tex. Sept. 19, 2016). *But see Halley v. Deustche Bank National Trust Co.*, CIVIL ACTION NO. H-15-1174, 2016 WL 3855872 (S.D. Tex. July 15, 2016); *HSBC Bank USA v. Johnson*, CIVIL ACTION NO. H-15-0277, 2016 WL 1626219, at *1 (S.D. Tex. Apr. 25, 2016) (finding that national bank trustee's citizenship controlled for diversity purposes without conducting "real party in interest" analysis).

### C.    Application

The Court must determine whether the trust constitutes a fiduciary relationship between U.S. Bank and the beneficiaries.  If it does, then a traditional trust exists and U.S. Bank's citizenship (Minnesota) is the basis for diversity jurisdiction.  However, if instead there is "an unincorporated association only nominally operating as a 'trust,'" then the citizenship of the individual members must serve as the basis for diversity jurisdiction.  *May*, CIVIL ACTION NO. H-16-1272 at *9.  The Court therefore examines the *Navarro* factors to determine whether U.S. Bank is a real party to the controversy.  *See Navarro Savings Association v. Lee*, 446 U.S. 458, 465-66 (1980).  Finally, the Court looks to an additional factor: the parties' relative powers and responsibilities that are not accounted for in the factors above.  *See Guillen v. Countrywide Home Loans, Inc.*, Civil Action H-15-849, 2016 WL 7103908 (S.D. Tex. Dec. 6, 2016).  Here, in addition to Trustee U.S. Bank and the Certificateholders (beneficiaries), Wells Fargo, N.A. serves as the Master Servicer.  The Trust Agreement ("TA") defines 'servicing' as "the act of managing or collecting payments on the mortgage loans or any other assets of the Trust Fund by an entity that meets the definition of 'servicer ….'  Dkt. 12-1, p. 56.  Pechua attached the complete Trust Agreement TA with its Motion to Remand.  Dkt. 12-1.  The Removal Defendants attached applicable portions of the Servicing Agreement ("SA") to its Objections to Plaintiff's Motion to Remand.  Dkt. 23-1.  These documents help to clarify whether the Trust is a traditional or a business trust.

*i.  Whether the trustee has legal title:*

It is undisputed that U.S. Bank has legal title to the trust assets.  Under the TA, the Trustee is conveyed, "in trust, all the right, title and interest of the Depositor in and to the Mortgage Loans.  Such conveyance includes, without limitation, the right to all payments of principal and interest received …." Dkt. 12-1, para. 2.01(a).  The SA likewise confirms that:

> The ownership of each Mortgage Note, Mortgage, and the contents of the Servicing File shall be vested in the Trustee and the ownership of all records and documents with respect to the related Mortgage Loan prepared by or which come into the possession of the Servicer shall immediately vest in the Trustee and shall be retained and maintained, in trust, by the Servicer at the will of the Trustee in such custodial capacity only.

Dkt. 23-1, para. 2.01.  The first prong therefore weighs in favor of a traditional trust.

*ii.  Whether the trustee may invest the assets for the shareholders' benefit:*

The TA mandates that funds "shall be invested in Eligible Investments selected by and at the written direction of [the Seller]."  Dkt. 12-1, para. 4.01(e).  In the absence of written directions, funds must be invested in a named money market account.  *Id*.  Finally, funds that are in the Certificate Account just prior to the Distribution Date may be invested by the Master Servicer in an Eligible Investment.  *Id*.  Neither the Removal Defendants' Objections nor Defendants BANA's separate Response to Plaintiff's Motion to Remand provide evidence that U.S. Bank has the right to invest the trust's assets.  The second prong, therefore, favors finding that this is a business trust.

*iii. Whether the trustee controls trust litigation:*

"[T]he Trustee shall have no duty hereunder with respect to any complaint, claim, demand, notice or other document it may receive …."  TA, 6.01(d).  However, the Trustee must promptly remit any such complaint to the Master Servicer.  *Id*.  Here, the Master Servicer is responsible for foreclosure proceedings.  TA, 9.04(a).  This prong favors a business trust as well.

*iv. Powers and responsibilities of the trustee, beneficiaries, and Master Servicer*

Courts also consider the relative responsibilities of the trust's parties when deciding whether an entity is a traditional trust or a business trust (i.e., an unincorporated entity).  Two recent opinions authored by Judge Miller of the United States Southern District of Texas—Houston Division shed light on the distinction.  Both opinions were written after *Americold*; both involve real property foreclosures with a trust is a defendant; both trusts have national bank trustees; and both opinions engage in identical analyses to determine whether the trust itself is of the 'traditional' or 'business' variety.  Applying the individual facts of each case, the court reached two different conclusions.  *See Rodriguez v. Deutsche Bank National Trust Company*, CIVIL ACTION NO. H-16-1697, 2017 WL 371141, at *3 (S.D. Tex. Jan. 26, 2017); *Guillen v. Countrywide Home Loans, Inc.*, Civil Action H-15-849, 2016 WL 7103908, at *8 (S.D. Tex. Dec. 6, 2016).

In *Guillen*, the Court found relevant the fact that the "Securityholders appoint the Program Manager to administer mortgage loans on their behalf and the trustee must receive written permission from the Program Manager prior to taking action."  2016 WL 7103908, at *8.  The court also noted that while the trustee could bring a suit for default,

the Program Manager could waive the default, direct the method of conducting any remedy, and initiate suit should the trustee fail to do so. *Id*. According to the court, the Securityholders' overriding powers gave them significant control over the trustee. *Id*. Accordingly, the court found that the trust was a business trust. In contrast, the Court found that the trust in *Rodriguez* had sufficiently demonstrated its status as a traditional trust. 2017 WL 371141, at *3. There, the court considered evidence that Certificateholders could not control the management and operation of the trust or bring any suit on behalf of the trust.

Here, the balance of power conferred by the TA is weighted on the side of the non-Trustee parties (the Certificateholders and the Master Servicer). For example, Certificateholders may remove the Trustee. Dkt. 12-1, para. 6.06(e). They may waive any default. *Id*. at 6.16. They may remove the Credit Risk Manager. *Id.* at 9.37. The Master Servicer "shall master service the Mortgage Loans and shall have full power and authority … to do any and all things that it may deem necessary or desirable in connection with the servicing and administration of the Mortgage Loans …." *Id*. at 9.04(a). Under the TA, the Trustee authorizes and empowers the Master Servicer to act in its discretion to execute instruments of satisfaction and cancellation. *Id*. The Master Servicer also maintains custodial accounts, *id.* at 9.06(a), necessary insurance policies, *id*. at 9.16(a), and may "in its sole discretion undertake any such action that it may deem necessary or desirable ...." *Id*. at 9.30(c). On the balance, U.S. Bank as Trustee is entrusted with less powers and responsibilities than either the Certificateholders or the

Master Servicer.  Weighing all factors, the Court finds that the trust at issue is a business trust.

### III.    Conclusions and Order

Having found that a business trust exists, the Court must look to the citizenship of its individual members to determine whether the Court has subject matter jurisdiction over this case.  The Removal Defendants did not provide the citizenship of the trust's members.  Therefore, they have not met their burden to show by a preponderance of the evidence that removal is proper.  Accordingly, the Court **REMANDS** this case to the 239th Judicial District Court of Brazoria County, Texas.   All pending motions are **DENIED as moot**.

SIGNED at Galveston, Texas, this 30th day of March, 2017.

George C. Hanks Jr.
United States District Judge